**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00590-CR**

———————————

**JON MICHAEL MIRANDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13-CR-0598**

---

## MEMORANDUM OPINION

Appellant, Jon Michael Miranda, pleaded guilty to the first-degree felony

offense of aggravated robbery, without an agreed recommendation as to punishment.

*See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West Supp. 2015). The trial court

found appellant guilty as charged and, following a punishment hearing, assessed his

punishment at twenty-five years' confinement. This sentence is within the applicable sentencing range. *See id.* § 12.32(a) (West Supp. 2015). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response and to get access to the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant

2

for review.  *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed a *pro se* response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal and conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 n.6.

## CONCLUSION

Accordingly, we **affirm** the judgment of the trial court and **grant** counsel's motion to withdraw.  *See* TEX. R. APP. P. 43.2(a).[1]  Attorney Calvin D. Parks must immediately send the required notice and file a copy of that notice with the Clerk of

---

[1]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 826–27.

3

this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).